IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Willie J. Owens, #219832,<br>                       Petitioner,<br><br>     vs.<br><br>George Hagan, Warden of Allendale<br>Correctional Institution; State of South<br>Carolina; and Attorney General of<br>the State of South Carolina,<br><br>                       Respondents. | Civil Action No. 6:06-1700-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated in the Allendale Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Marion County Clerk of Court. The Marion County grand jury indicted the petitioner in February 1995 for two counts of criminal sexual conduct, first degree, and two counts of criminal sexual conduct with a minor. Attorney John Gaines represented the petitioner on the charges. A jury trial was held May 30, 1995, before the Honorable Frank McGowan. At the conclusion of the trial, the jury found the petitioner guilty

as charged. The judge sentenced him to 30 years imprisonment on each count of criminal sexual conduct, first degree, and 20 years on each count of criminal sexual conduct with a minor, all charges concurrent. The petitioner filed a timely notice of intent to appeal.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a final *Anders*[1] brief of appellant in the South Carolina Court of Appeals[2] on August 25, 1997, and raised the following issue:

> Whether appellant's sentences for criminal sexual misconduct with a minor should be vacated because the indictment did not specify what degree?

The South Carolina Court of Appeals affirmed the conviction on February 25, 1998. The petitioner filed a *pro se* petition for rehearing on or about March 10, 1998, which the Court of Appeals denied on April 23, 1998. The petitioner did not seek certiorari review by the Supreme Court of South Carolina. The Court of Appeals issued the remittitur on June 4, 1998.

On June 11, 1998, the petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims (verbatim):

> 9(a)   trial court misconduct;
>
> 9(b)   Brady claim;
>
> 9(c)   Baston claim;
>
> 9(d)   expret. testimony;
>
> 9(e)   prosecutorial misconduct;
>
> 9(f)   insufficient indictment;

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The brief reflects the filing was in the Supreme Court, as does the later *pro se* filing; however, that appears to be an error in the caption as all materials were actually considered by the South Carolina Court of Appeals.

2

> 9(g)   hearsay Confrontation Right;
>
> 9(h)   ineffective assistance of counsel;
>
> 9(i)   preliminary hearing;
>
> 9(j)   unproperly [sic] jury select;
>
> 9(k)   warrants.

Attorney Michael A. Meetze represented the petitioner in the action. The State made its return on December 11, 1998. An evidentiary hearing was held June 16, 1999, before the Honorable James R. Barber, III. On August 4, 1999, Judge Barber issued an order denying relief. The petitioner appealed.

Wanda H. Haile, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on June 7, 2000, and presented the following questions for consideration:

> (1)   Was trial counsel ineffective for failing to raise the sleeping juror issue at trial;
>
> (2)   Was trial counsel ineffective in failing to request that certain "character" jury instructions be given to the jury?
>
> (3)   Did the lower court err in rejecting petitioner's request for relief based on after-discovered evidence uncovered in the case?
>
> (4)   Was trial counsel ineffective in failing to object to the composition of the jury in the case?

The State filed a return to the petition on November 27, 2000. The Supreme Court of South Carolina denied the petition on August 8, 2001, and issued the remittitur on August 28, 2001.

The petitioner filed a second PCR application on April 5, 2004, and raised the following issues (verbatim):

> 9(a)   Constitutional violation of rights;
>
> 9(b)   perjured and falsified evidence;
>
> 9(c)   newly discovered evidence,
>
> 9(d)   lacks subject matter jurisdiction;
>
> 9(e)   illegal searchs;
>
> 9(f)   state witnesses committed testimony of perjury;
>
> 9(g)   ineffective assistance of counsel.

The State made its return on August 13, 2004, and moved to dismiss the application as successive and time barred. The Honorable James E. Brogdon issued a conditional order of dismissal on August 15, 2004. After a final order was not timely submitted and issued, a hearing on the motion was held on November 15, 2005, before the Honorable J. Michael Baxley. Attorney Charles T. Brooks represented the petitioner. At the conclusion of the hearing, the PCR judge found the application was impermissibly successive and time barred, and ordered the Attorney General to submit a proposed order of dismissal for review.

The petitioner sought an appeal from this order; however, as a final order had not yet been entered, the appeal was dismissed on December 8, 2005, without prejudice. On December 28, 2005, the PCR judge issued a written order of dismissal finding the petition impermissibly successive and time barred. The petitioner filed a timely notice of intent to appeal. On February 10, 2006, the Supreme Court of South Carolina dismissed the notice for failure to show an arguable basis for asserting that the finding on successiveness and the statute of limitations was improper. See Rule 227 (c), South Carolina Rules of Appellate Practice (appeal may be dismissed where petitioner fails to show arguable basis for appeal from such dismissals). The court issued the remittitur on March 9, 2006.

In his *pro se* petition filed June 6, 2006, the petitioner raises the following challenges to his conviction (verbatim):

> A.  Ground one: Nature of suit 530, Jurisdiction Federal Question Cause 28 2254 petition for Writ of Habeas Corpus (Order Attached);
>
> B.  Ground two: Denied the Right's to counsel and denied the Rights to be heard in violation of petitioner's Rights to a full and fair hearing;
>
> C.  Ground three: Failure of prosecution to disclose to the defendant evidence requested for to inspect and failure to answer defendant Request to retest the DNA in the case;
>
> D.  Ground four: Judgment as a matter of law.

On August 22, 2006, the petitioner filed a motion for summary judgment. The respondents filed their opposition to the petitioner's motion on September 11, 2006. On September 28, 2006, the respondents filed a motion for summary judgment. By order filed September 29, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on October 20, 2006.[3]

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[3] On December 21, 2006, the petitioner also filed a motion for appointment of counsel, which was denied by order filed January 3, 2007.

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**ANALYSIS**

*Petitioner's Motion for Summary Judgment*

The petitioner argues that summary judgment should be granted in his favor because the respondents did not file a timely response to his petition, and thus his allegations are uncontested. However, a review of the docket shows that the respondents' return was due on or before July 31, 2006. On July 31, 2006, the respondents moved to extend the time for filing the response until August 30, 2006, which this court granted. On August 30, 2006, the respondents filed a second motion for extension of time to respond. This court granted the motion, extending the time to respond through September 29, 2006. The respondents filed a return and motion for summary on September 28, 2006. Based upon the foregoing, the respondents' return was timely, and the petitioner's motion for summary judgment should be denied.

*Respondents' Motion for Summary Judgment*

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The petitioner was found guilty and sentenced on May 30, 1995. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The South Carolina Court of Appeals issued the remittitur on June 4, 1998. *See Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994) ("The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court."). The petitioner did not seek discretionary review from the South Carolina Supreme Court during the direct appeal; therefore, the respondents argue that this would preclude the possibility of seeking certiorari review by the United States Supreme Court, and thus the petitioner would not be entitled to the additional period of 90 days (resp. m.s.j.

8).  For purposes of this motion and giving the petitioner every benefit of the doubt, the court will include this 90-day period in which he could have sought certiorari from the United States Supreme Court for purposes of calculating the tolled time.  *See Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000).  Therefore, limitations period began on September 3, 1998  (90 days following June 4, 1998).  Giving the petitioner every benefit of the doubt, the limitations period expired on September 3, 1999, unless the period was at any time tolled for any properly filed state PCR application.  28 U.S.C. §2244(d)(2).

The petitioner filed his application for PCR on June 11, 1998 – before the statute of limitations period began to run.  Proceedings on this PCR concluded on August 28, 2001, when the South Carolina Supreme Court sent the remittitur to the Charleston County Clerk of Court.  As no time had yet run, the petitioner had until August 28, 2002, to file his petition.  He filed a second PCR action on April 5, 2004; however, clearly that action was filed after the federal time limit had already lapsed and could toll nothing.  Moreover, the action was dismissed as successive and untimely.  Time-barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling.  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).  Accordingly, that application did not toll the period of limitation for filing the federal habeas petition.  The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date for the instant petition is June 1, 2006.  Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the petitioner's motion for summary judgment should be denied.

As the federal petition is over three years too late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ

of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[4]

Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.[5] *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late). Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/ William M. Catoe
United States Magistrate Judge

January 25, 2007

Greenville, South Carolina

---

[4] The recent decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[5] As this court has recommended dismissal based on statute of limitations grounds, the respondents' other grounds for dismissal will not be addressed.